UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTIAN VOSO,** | : |
| **Plaintiff,** | : Civil Action No. 13-2551 (FSH) |
| v. | : |
| **EASTERN SALES MARKETING,** | : MEMORANDUM OPINION AND ORDER |
| **Defendant.** | : |

This matter having been opened to the Court upon application by *pro se* Plaintiff Christian Voso ("Plaintiff") seeking the appointment of *pro bono* counsel [Docket Entry No. 3]; and Plaintiff arguing that counsel should be appointed because he cannot afford an attorney as he is unemployed and has sustained a reduction in unemployment compensation; and Plaintiff further arguing that he needs assistance of counsel because he is an individual taking action against a large corporation;

and the Court finding that pursuant to 28 U.S.C. §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel[;]" and the Court further finding that there is no right to counsel in a civil case (*Tabron v. Grace*, 6F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)); and the Court further finding that under *Tabron* in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims' (5) whether the case will require

testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf (*Tabron*, 6 F.3d at 155-157); and the Court further finding that other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel (*Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58));

and the Court having considered Plaintiff's application; and the Court noting that this case is in the very early stages of litigation, and that no discovery has been conducted nor has Plaintiff's ability to prosecute his case been tested; and the Court further noting that while Plaintiff states his inability to obtain an attorney, he has not provided any documentation related to his financial status nor does the Court have any indication he has sought *in forma pauperis* status; and the Court noting that even considering his inability to afford counsel, it is only a single factor for consideration; and the Court further finding that, on balance, when the *Tabron* factors are considered in conjunction with the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time (*see Jenkins*, Civ. Action No 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58), they do no warrant the appointment of counsel at this time; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

**IT IS** on this **10th** day of **October, 2013,**

**ORDERED** that Plaintiff's application for the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE**.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**